NO. 07-10-00028-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
28, 2011

 



 

BRIAN KEITH JENSEN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY;

 

NO. 48,587-C; HONORABLE MARK PRICE, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Brian Keith Jensen,
appeals his conviction for the offense of possession of a firearm by a felon[1]
and resulting sentence of 99 years incarceration in
the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

            In
the early morning hours of March 21, 2008, Herbert Palmer, a taxi cab driver
for All-American Cab Company, picked up a passenger at Econo
Lodge room 446 in Wichita Falls.  During
the ride, the passenger told Palmer that he had gotten into a fight with a
friend and that the friend had been shot during the fight.  The passenger also told Palmer that he
thought that the friend had suffered serious bodily injury.  The passenger then asked to borrow Palmer’s
cell phone.  During the call that the
passenger made, Palmer heard the passenger reiterate that he had gotten into a
fight with another person and that the other person had been shot during the
altercation.  After dropping off the
passenger, Palmer flagged down Jesse Bartow, a patrol officer with the Wichita
Falls Police Department.  Palmer informed
Bartow about the suspicious passenger and of the potential shooting.

            Bartow
radioed for assistance and proceeded to the Econo
Lodge.  After acquiring a keycard from
the manager, Bartow went to room 446 to check the welfare of the occupant of
the room.  Bartow knocked on the door,
but no one responded.  Eventually, Bartow
used the keycard and entered the room to discover the dead body of Robert Sommer, who appeared to have been shot and killed.  Palmer was summoned to the Econo Lodge where he described the passenger.

            Officer
Robert McCann received a dispatch regarding the passenger while McCann was on
patrol.  The dispatch operator described
the suspect and indicated that the suspect was taking a taxi cab to a Wal-Mart
on Lawrence Road.  When McCann arrived at
the Wal-Mart, a taxi cab pulled up beside his vehicle.  The cab driver informed McCann that he had
just dropped off the guy that McCann was looking for at the Wal-Mart.[2]  McCann then proceeded to the Wal-Mart
entrance where he observed a male that met the description of the suspect
leaving the store on foot.  McCann exited
his vehicle, drew his weapon, pointed his weapon at the suspect, identified
himself as police, and ordered the suspect to the ground.  As McCann was detaining the suspect, another
officer pulled up and placed the suspect in handcuffs.  This officer then asked the suspect if he had
any weapons and the suspect indicated that he had a gun in the front of his
pants.  The officer secured the
firearm.  After a brief frisk for other
weapons, the suspect was placed in a patrol car for transport back to the
station for questioning.  The suspect was
subsequently identified to be appellant, who is a convicted felon.  

            Appellant
was indicted for the offense of unlawful possession of a firearm by a felon.[3]  Prior to trial, appellant filed a motion to
suppress the firearm contending that it was seized as part of an illegal arrest
of appellant.  After holding a hearing,
the trial court denied the motion.  The
case then proceeded to a jury trial.  At
the close of the trial, appellant requested the trial court instruct the jury
to resolve a disputed fact issue regarding the legality of appellant’s
arrest.  The trial court denied this
request.  The jury convicted appellant of
the offense.  During the punishment
portion of the trial, appellant was brought into the courthouse in handcuffs,
and he contends that several jury members saw him being transported in this
manner.  However, appellant was not taken
into the courtroom while wearing handcuffs. 
At the close of the punishment proceeding, the jury recommended that
appellant be sentenced to 99 years incarceration.[4]

            By three issues, appellant appeals.  By his first issue, appellant contends that
the trial court erred in denying his motion to suppress the firearm on the
basis that the seizure of the weapon occurred during the illegal arrest of
appellant.  By his second issue,
appellant contends that the trial court erred in denying his request to
instruct the jury to resolve disputed fact issues regarding the legality of
appellant’s arrest.  By his final issue,
appellant contends that his constitutional rights were violated when jurors
were allowed to see appellant brought into the courthouse in handcuffs.  

Motion to Suppress

            By
his first issue, appellant contends that the trial court erred in denying his
motion to suppress the gun because the police seized this evidence as part of
an illegal arrest.  The State responds
that the gun was seized as part of only an investigative detention, but, even
if construed as an arrest, appellant’s arrest was authorized under the
circumstances.

            We
review a trial court’s ruling on a motion to suppress evidence for an abuse of
discretion.  Shepherd v. State,
273 S.W.3d 681, 684 (Tex.Crim.App. 2008).  In so doing, we view the facts in the light
most favorable to the trial court’s decision. 
Id.  We give almost total
deference to a trial court’s express or implied determination of historical
facts and review de novo the trial court’s application of
the law of search and seizure to those facts. 
Id.  We will sustain the
admission of the evidence if admission is reasonably supported by the record
and correct on any theory of law applicable to the case.  Laney v. State, 117
S.W.3d 854, 857 (Tex.Crim.App. 2003).

            Appellant’s
issue specifically challenges the trial court’s denial of the motion to
suppress the handgun that was found in appellant’s possession.  Appellant contends that this evidence “was
the product of a warrantless arrest without a lawful and statutory exception”
to the warrant requirement.  However, the
gun was seized very early in the encounter between appellant and law
enforcement.  The evidence establishes
that, when police came into contact with appellant, the officers were aware
that a person had been found dead in room 446 of the Econo
Lodge, that a person coming from room 446 had admitted to a cab driver that he
had shot a person, and that appellant matched the description of the passenger
that had been given to police by the cab driver.  On the basis of these facts, the police had
reasonable suspicion to detain appellant to investigate a potential crime.  See Davis v. State, 947 S.W.2d 240, 244 (Tex.Crim.App.
1997).  

Appellant does not dispute the
existence of reasonable suspicion, rather, appellant contends that McCann’s
ordering appellant to lie in a prone position while another officer handcuffed
appellant transformed the detention into an arrest.  The timing of the discovery of the gun is key in the instant case. 
The evidence establishes that McCann ordered appellant to lie prone,
that another officer handcuffed appellant, and that appellant was immediately
asked if he possessed a weapon. 
Appellant then admitted that he had a handgun in the front of his
pants.  Based on the facts known to
McCann, namely that appellant matched the description of a person who had
admitted shooting another person and that a person was found to have been shot
and killed, it was reasonable for McCann to suspect that appellant was armed
and dangerous.  As such, the handcuffing
of appellant to protect the officers while they determined whether appellant
was armed was reasonable and did not transform the temporary detention of
appellant into an arrest.  See Rhodes
v. State, 945 S.W.2d 115, 117 (Tex.Crim.App.
1997) (citing United States v. Sokolow, 490
U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)).[5]

Because the handgun was not seized as
a result of an illegal arrest, we overrule appellant’s first issue.

Jury Instruction

            By
his second issue, appellant contends that the trial court erred in denying
appellant’s request for a jury instruction permitting the jury to resolve
disputed fact issues surrounding appellant’s arrest.  The State responds that there was no disputed
fact issue presented regarding the legality of appellant’s arrest.

            Article
38.23(a) of the Texas Code of Criminal Procedure provides, “In any case where
the legal evidence raises an issue hereunder, the jury shall be instructed that
if it believes, or has a reasonable doubt, that the evidence was obtained in
violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained.” 
Tex. Code Crim.
Proc. Ann. art. 38.23(a) (West 2005). 
As in appellant’s first issue, appellant’s second issue challenges the
seizure of the handgun as being the result of appellant’s illegal arrest.  However, as addressed above, the seizure of
the handgun was, as a matter of law, effectuated prior to the arrest of
appellant.  Furthermore, no factual
issues were raised regarding the seizure of the handgun.  Rather, appellant’s requested jury
instruction was an attempt to ask the jury to assess the legality of the police
conduct based on the undisputed facts, which is a question of law for the trial
court to resolve, and the trial court’s denial of such a requested instruction
is not error.  See Madden v.
State, 242 S.W.3d 504, 510-11 (Tex.Crim.App.
2007).

            We
overrule appellant’s second issue.

Allowing the Jury to See Appellant in
Handcuffs

            By
appellant’s third issue, he contends that his constitutional rights were
violated when members of the jury were allowed to see appellant in handcuffs.  The State responds that there was adequate
justification to restrain appellant, and that there was no evidence presented
to establish the number of jurors in the hallway where appellant was handcuffed
nor how many, if any, of those in the hallway actually saw appellant in
handcuffs.

            The
Constitution forbids the use of visible restraints during the penalty phase of
a trial unless it is justified by an essential state interest, such as
courtroom security.  See Deck
v. Missouri, 544 U.S. 622, 624, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005). 
In the present case, the transporting officer identified his basis for
concern regarding the threat to courtroom security if appellant had not been
restrained while being transported to the courtroom.  Further, the officer sought and obtained
permission from the trial court to take extra precautions to ensure that there
would not be a confrontation between appellant and a member of Sommer’s family. 
Thus, the transportation of appellant to the courtroom in handcuffs was
shown to have been justified by an essential state interest.

            In
addition, a brief and fortuitous viewing of a defendant wearing handcuffs by
members of the jury is not prejudicial per se and requires an affirmative
showing of prejudice by the defendant.  See Garza v. State, 10 S.W.3d 765, 767 (Tex.App.—Corpus Christi 2000, pet. ref’d).  Here, appellant failed to establish whether
any member of the jury actually saw him being transported in handcuffs, and it
is clear that if any juror did see appellant so restrained, such would
constitute a “brief and fortuitous viewing.” 
Further, even assuming that such a brief and fortuitous viewing
occurred, we cannot presume that it caused prejudice, and it was incumbent on
appellant to affirmatively show prejudice. 
Id.  However, by failing to
question members of the jury to determine whether any saw appellant being
transported in handcuffs and, if so, requesting the trial court give the jury
an appropriate limiting instruction, appellant waived any error.  See id. at
767-68.

            Thus,
because the handcuffing of appellant while he was being transported to the
courtroom was justified by legitimate state interests and because appellant
failed to meet his burden to show either that error occurred or that he was
harmed by the error, we overrule appellant’s third issue.

Conclusion

            Having
overruled each of appellant’s issues, we affirm the judgment of the trial
court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  











[1] See Tex. Penal Code Ann. § 46.04(a) (West
Supp. 2010).





[2] It appears that this second cab driver had been
monitoring a police scanner and, therefore, knew that the Wichita Falls Police
were looking for a murder suspect and that the passenger that the driver
dropped off at Wal-Mart met that description.





[3] The indictment also included an allegation that appellant
committed murder, but the murder count was severed from the weapons charge and
remains pending in the trial court.

 





[4] While the felon in possession of a firearm offense for
which appellant was charged constitutes a third degree felony, see Tex. Penal Code Ann. § 46.04(e),
because the indictment alleged that appellant had been previously convicted of
three prior felony convictions and the State proved at least two of these prior
felony convictions as alleged, the applicable punishment range for the offense
was enhanced to life or 25 to 99 years.  See
id. § 12.42(d) (West Supp. 2010).





[5] While subsequent events do not impact the
admissibility of the handgun, we note that appellant’s admission to carrying a
weapon gave the officers probable cause to arrest appellant.  See Tex.
Penal Code Ann. § 46.02(a)
(West Supp. 2010).